1
2
3
4
5
6
7
8                            **UNITED STATES DISTRICT COURT**

9                            **EASTERN DISTRICT OF CALIFORNIA**

10

11    MICHAEL WAYNE MALONE,                    )    Case No.: 1:16-cv-01380 - AWI - JLT
                                               )
12                   Plaintiff,                )    ORDER GRANTING PLAINTIFF'S MOTION TO
                                               )    PROCEED IN FORMA PAUPERIS (Doc. 2)
13           v.                                )
                                               )    ORDER DISMISSING THE COMPLAINT WITH
14    VICTOR VEVEA,                            )    LEAVE TO AMEND
                                               )
15                   Defendant.                )
                                               )
16    _____         )

17           Plaintiff Michael Wayne Malone asserts he paid Defendant Victor Vevea for investigative

18    services that were not provided.  (Doc. 1)  Plaintiff seeks to proceed *pro se* and *in forma pauperis* in

19    this action, which appears to be solely for a breach of contract.  For the following reasons, Plaintiff's

20    motion to proceed *in forma pauperis* is **GRANTED**.  However, because the facts alleged are

21    insufficient to support a determination that the Court has diversity jurisdiction over the matter, the

22    complaint is **DISMISSED** with leave to amend.

23    **I.      Motion to proceed in forma pauperis**

24           The Court may authorize the commencement of an action without prepayment of fees when an

25    individual "submits an affidavit that includes a statement of all assets such person . . . possesses [and]

26    that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a).  The Court

27    has reviewed Plaintiff's application and finds he satisfies the requirements of 28 U.S.C. § 1915(a).

28    Therefore, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

                                                      1

## II.     Screening Requirement

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. 1915(e)(2).  A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III.     Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner.  *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than

1    a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint
     pleads facts that are "merely consistent with" a defendant's liability, it "stops short of
2    the line between possibility and plausibility of 'entitlement to relief.'

3    *Iqbal*, 566 U.S. at 678 (citations omitted).  When factual allegations are well-pled, a court should

4    assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal

5    conclusions in the pleading are not entitled to the same assumption of truth.  *Id.*

6        The Court has a duty to dismiss a case at any time it determines an action fails to state a claim,

7    "notwithstanding any filing fee that may have been paid."  28 U.S.C. § 1915e(2).  Accordingly, a court

8    "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a

9    claim."  *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal*

10   *Practice and Procedure*, § 1357 at 593 (1963)).  However, leave to amend a complaint may be granted

11   to the extent deficiencies of the complaint can be cured by an amendment.  *Lopez v. Smith*, 203 F.3d

12   1122, 1127-28 (9th Cir. 2000) (en banc).

13   **IV.     Jurisdiction**

14       The district court is a court of limited jurisdiction, and is empowered only to hear disputes

15   "authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375,

16   377 (1994); *Exxon Mobil Corp v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  The federal courts

17   are "presumed to lack jurisdiction in a particular case, unless the contrary affirmatively appears." *A-Z*

18   *Intll. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).

19       A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-

20   matter jurisdiction."  *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of

21   the district court "to be alert to jurisdictional requirements."  *Grupo Dataflux v. Atlas Global Group*,

22   *L.P.*, 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court cannot decide the merits of a

23   case or order any relief.  *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d

24   1376, 1380 (9th Cir. 1988).  The burden of establishing jurisdiction rests upon plaintiff as the party

25   asserting jurisdiction. *Kokkonen*, 511 U.S. at 377; *see also Hagans v. Lavine*, 415 U.S. 528, 543 (1974)

26   (acknowledging a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible,

27   … or otherwise completely devoid of merit as not to involve a federal controversy within the

28   jurisdiction of the District Court").

**V.       Factual Allegations and Background**

Plaintiff asserts that Victor Vevea "is a paralegal who works out of the office of Anthony Bryant Law Offices." (Doc. 1 at 5) Plaintiff reports he "hired Mr. Vevea for the purpose of investigation services," for which Mr. Veva "asked for $4,500.00 up front." (*Id.*) Plaintiff alleges that he "sent [Mr. Vevea] a check for the amount he requested for the service that was agreed upon." (*Id.*) According to Plaintiff, "Mr. Veva cashed the check and never provided any services at all." (*Id.*)

Based upon these facts, Plaintiff "request[s] that the Court rule in favor of the plaintiff for the amount of $4,500.00 as well as interest on the said amount of $4,500.00." (Doc. 1 at 6) In addition, Plaintiff seeks "possible punitive damages…which will be at the discretion of the Court." (*Id.* at 5)

**VI.      Discussion and Analysis**

Plaintiff contends the Court has both subject matter jurisdiction and diversity jurisdiction over this matter. (Doc. 1 at 3, 4) However, as explained below, the facts alleged are insufficient to support these assertions.

**A.       Subject matter jurisdiction**

The determination of subject matter jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Therefore, the complaint must establish "either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

Significantly, it appears the only claim upon which Plaintiff seeks to proceed in this action is for a breach of contract. (*See* Doc. 1 at 5-6) A claim for breach of contract will not provide the basis for federal court jurisdiction. *See Kokkonen*, 511 U.S. at 378. Rather, a breach of contract claim arises under state law. *See Hall v. North American Van Lines, Inc.*, 476 F.3d 683, 686 (9th Cir. 2007). Thus, Plaintiff has not raised a claim that invokes federal subject matter jurisdiction.

///

**B.     Diversity jurisdiction**

Pursuant to 28 U.S.C. § 1332, the Court has jurisdiction over a matter where the parties have diverse citizenship and the amount in controversy exceeds $75,000. *Id.*; *see also Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).

1.     Citizenship of the parties

The parties to the litigation must have diverse citizenships, not diverse residences. A person's citizenship is determined first by whether he is a citizen of the United States, and second by the state where he is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). To be domiciled in a state, the person must have a physical presence—such as having a residence or having a location where his belongings are kept—in the state, coupled with the intent to permanently reside there. *Id.* A person's domicile for purposes of diversity is determined as of the time the action is filed. *Hill v. Rolleri*, 615 F.2d 886, 889 (9th Cir. 1980).

Plaintiff alleges that he is a citizen of Arizona and Defendant is a citizen of California. (Doc. 1 at 4) However, Plaintiff is currently in custody and housed in Arizona. The Ninth Circuit has "not decide[d] whether a prisoner can establish domicile in his place of incarceration for purposes of federal diversity jurisdiction." *U.S. v. Arango*, 670 F.3d 988, 997 n.7 (9th Cir. 2012). Thus, "courts typically presume a prisoner to be a resident of the state he or she formerly resided in prior to the incarceration." *Hardaway v. Nooth*, 2011 WL 7276958, n.2 (D. Or. Oct. 6, 2011), *adopted by* 2012 U.S. Dist. LEXIS 16875 (D. Or. Feb. 10, 2012). Indeed, the Ninth Circuit indicated that "[o]ne does not change his residence to the prison by virtue of being incarcerated there." *Cohen v. United States*, 297 F.2d 760, 774 (9th Cir. 1962). Because Plaintiff has not alleged where he resided prior to his incarceration, it is unclear whether the state of Arizona is, in fact, his domicile for purposes of 28 U.S.C. § 1332.

2.     Amount in controversy

Plaintiff asserts the amount in controversy is $4,500.00, plus interest. (Doc. 1 at 5, 6) He also seeks an unidentified amount of punitive damages, which Plaintiff appears to indicate is sufficient to meet the minimum amount of $75,000.00 required by 28 U.S.C. § 1332.

Significantly, "[i]t is well established that punitive damages are part of the amount in

controversy in a civil action." *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001) (citing *Bell v. Preferred Life Assur. Society*, 320 U.S. 238, 240 (1943)).  However, the Court must be able to determine that a preponderance of evidence demonstrates that the punitive damages award could adequately increase the amount in controversy to meet the jurisdictional minimum.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 2002)

When a federal court has diversity jurisdiction, it applies state substantive law and federal procedural law.  *In re Larry's Apartment, LLC*, 249 F.3d 832, 837 (9th Cir. 2001).  Although it is unclear whether California or Arizona law applies to this claim for breach of contract—given the lack of facts regarding where and when the parties entered into the agreement—the states' laws regarding punitive damages for contract actions are the same.  Neither California nor Arizona permits punitive damages to be recovered for breach of contract, unless the breach also involves a tort.  *Lerner v. Brettschneider*, 123 Ariz. 152, 156 (1979) (explaining that in Arizona, punitive damages cannot be recovered for breach of contract unless the breach constitutes a tort); *See In re Marriage of Benge*, 151 Ariz. 219, 224 (1986) (explaining that "punitive damages may not ordinarily be assessed in contract actions" but that they "may be recoverable where the breach of contract constitutes a tort"); *Walker v. Signal Companies, Inc.*, 84 Cal.App.3d 982, 996 (Ct. App. 1978) ("[p]unitive damages are not recoverable in an action for breach of contract no matter how willful, malicious or fraudulent the breach"); *see also* Cal. Civ. Code § 3294.

In this case, Plaintiff has not specifically identified the causes of action on which he seeks to proceed.  However, it appears, based upon the allegations, that he is asserting a breach of contract.  Thus, Plaintiff's allegations are insufficient to demonstrate that the monetary requirement of 28 U.S.C. § 1332 is satisfied.

## VII.    Conclusion and Order

Plaintiff has failed to provide sufficient facts sufficient to support a determination that the Court has jurisdiction over the matter.  However, it is not clear whether the factual deficiencies may be cured by amendment.  *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987); *see also Lopez*, 203 F.3d at 1128 (dismissal of a *pro se* complaint without leave to amend for failure to state a claim is proper only where it is obvious that an opportunity to amend would be futile).  If Plaintiff fails to

1   provide information supporting a conclusion that the District Court has jurisdiction over the matter,

2   the Court will find he is unable to do so.

3          Plaintiff is advised that an amended complaint supersedes the original complaint.  *Forsyth v.*

4   *Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

5   In addition, the amended complaint must be "complete in itself without reference to the prior or

6   superseded pleading."  Local Rule 220.  Once Plaintiff files an amended complaint, the original

7   pleading no longer serves any function in the case.  The amended complaint must bear the docket

8   number assigned this case and must be labeled "First Amended Complaint."  Finally, Plaintiff is

9   warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended

10  complaint are waived."  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citing *London v. Coopers &*

11  *Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

12         Based upon the foregoing, the Court **ORDERS**:

13         1.      Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**;

14         2.      Plaintiff's Complaint is **DISMISSED WITH LEAVE TO AMEND**; and

15         3.      Within thirty days from the date of service of this order, Plaintiff **SHALL** file a First

16                 Amended Complaint.

17  **If Plaintiff fails to comply with this order to file an amended complaint, the action may be**

18  **dismissed for failure to prosecute and failure to obey the Court's order**.

19

20  IT IS SO ORDERED.

21     Dated:   **October 4, 2016**                        **/s/ Jennifer L. Thurston**

22                                                          UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

7