UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL WAYNE MALONE, | ) | Case No.: 1:16-cv-01380 - AWI - JLT |
| Plaintiff, | ) ) | FINDINGS AND RECOMMENDATIONS DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITHOUT PREJUDICE DUE TO LACK OF JURISDICTION |
| v. | ) ) ) | |
| VICTOR VEVEA, | ) ) | |
| Defendant. | ) ) ) | |

Michael Wayne Malone asserts he paid Victor Vevea for investigative services that were not provided. (Doc. 5) Plaintiff filed his First Amended Complaint in this action, which appears to be solely for a breach of contract, on November 14, 2016.[1] However, because the facts alleged demonstrate the Court does not have jurisdiction over the matter, it is recommended that Plaintiff's First Amended Complaint be **DISMISSED** without prejudice.

**I.     Screening Requirement**

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A

---

[1] Plaintiff's request for an extension of time to file his First Amended Complaint (Doc. 4) is **GRANTED** nunc pro tunc.

claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The Court must screen the First Amended Complaint because an amended complaint supersedes the previously filed complaint. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## II.     Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 566 U.S. at 678 (citations omitted). When factual allegations are well-pled, a court should

assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III. Jurisdiction

The district court is a court of limited jurisdiction, and is empowered only to hear disputes "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Exxon Mobil Corp v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The federal courts are "presumed to lack jurisdiction in a particular case, unless the contrary affirmatively appears." *A-Z Intll. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).

A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). The burden of establishing jurisdiction rests upon plaintiff as the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377; *see also Hagans v. Lavine*, 415 U.S. 528, 543 (1974) (acknowledging a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, … or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court").

### IV. Factual Allegations and Background

Previously, Plaintiff asserted that Victor Vevea "is a paralegal who works out of the office of Anthony Bryant Law Offices." (Doc. 1 at 5) Plaintiff reported he "hired Mr. Vevea for the purpose of

investigation services," for which Mr. Vevea "asked for $4,500.00 up front." (*Id.*)  Plaintiff now alleges that the money was paid "to process and file, a petition for a writ of Habeas Corpus." (Doc. 5 at 2)  Plaintiff alleges that on September 16, 2014, he and Mr. Veva "entered into a contractual agreement," and the required payment was made from his account by the Bureau of Prisons. (*Id.* at 4) According to Plaintiff, "Mr. Veva cashed the check and never provided any services at all." (Doc. 1 at 5)

Based upon these facts, Plaintiff "prays that this Court proceed with [the] federal law suit for breach of contractual agreement, and award $15,000 for damages." (Doc. 5 at 6)

**V.    Discussion and Analysis**

**A.    Subject matter jurisdiction**

The determination of subject matter jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Therefore, the complaint must establish "either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

Significantly, it the only claim upon which Plaintiff seeks to proceed in this action is for a breach of contract. (*See* Doc. 5 at 3, 6)  A claim for breach of contract will not provide the basis for federal court jurisdiction. *See Kokkonen*, 511 U.S. at 378.  Rather, a breach of contract claim arises under state law.  *See Hall v. North American Van Lines, Inc.*, 476 F.3d 683, 686 (9th Cir. 2007).  Thus, Plaintiff has not raised a claim that invokes federal subject matter jurisdiction.

**B.    Diversity jurisdiction**

Pursuant to 28 U.S.C. § 1332, the Court has jurisdiction over a matter where the parties have diverse citizenship and the amount in controversy exceeds $75,000.  *Id.*; *see also Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).

///

4

1. Citizenship of the parties

The parties to the litigation must have diverse citizenships, not diverse residences. A person's citizenship is determined first by whether he is a citizen of the United States, and second by the state where he is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). To be domiciled in a state, the person must have a physical presence—such as having a residence or having a location where his belongings are kept—in the state, coupled with the intent to permanently reside there. *Id.* A person's domicile for purposes of diversity is determined as of the time the action is filed. *Hill v. Rolleri*, 615 F.2d 886, 889 (9th Cir. 1980).

Previously, Plaintiff alleged that he is a citizen of Arizona and Defendant is a citizen of California. (Doc. 1 at 4) However, Plaintiff is currently in custody and housed in Arizona. The Ninth Circuit has "not decide[d] whether a prisoner can establish domicile in his place of incarceration for purposes of federal diversity jurisdiction." *U.S. v. Arango*, 670 F.3d 988, 997 n.7 (9th Cir. 2012). Thus, "courts typically presume a prisoner to be a resident of the state he or she formerly resided in prior to the incarceration." *Hardaway v. Nooth*, 2011 WL 7276958, n.2 (D. Or. Oct. 6, 2011), *adopted by* 2012 U.S. Dist. LEXIS 16875 (D. Or. Feb. 10, 2012). Indeed, the Ninth Circuit indicated that "[o]ne does not change his residence to the prison by virtue of being incarcerated there." *Cohen v. United States*, 297 F.2d 760, 774 (9th Cir. 1962). Because Plaintiff has not alleged where he resided prior to his incarceration, it is unclear whether the state of Arizona is, in fact, his domicile for purposes of 28 U.S.C. § 1332.[2]

2. Amount in controversy

Plaintiff asserts the amount in controversy is $4,500.00, plus interest. (Doc. 1 at 5, 6; Doc. 5 at 3) He also seeks an unidentified amount of punitive damages, which Plaintiff appears to indicate is sufficient to meet the minimum amount of $75,000.00 required by 28 U.S.C. § 1332.

Significantly, "[i]t is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001) (citing *Bell*

---

[2] Notably, the Court previously indicated the facts were insufficient to support a determination of Plaintiff's citizenship for purposes of this action. However, Plaintiff has not alleged any further facts to aid the Court in its analysis. Regardless, as explained below, the amount in controversy requirement is not satisfied.

*v. Preferred Life Assur. Society*, 320 U.S. 238, 240 (1943)).  However, the Court must be able to determine that a preponderance of evidence demonstrates that the punitive damages award could adequately increase the amount in controversy to meet the jurisdictional minimum.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 2002)

When a federal court has diversity jurisdiction, it applies state substantive law and federal procedural law.  *In re Larry's Apartment, LLC*, 249 F.3d 832, 837 (9th Cir. 2001).  Although it is unclear whether California or Arizona law applies to this claim for breach of contract—given the lack of facts regarding where and when the parties entered into the agreement—the states' laws regarding punitive damages for contract actions are the same.  Neither California nor Arizona permits punitive damages to be recovered for breach of contract, unless the breach also involves a tort.  *Lerner v. Brettschneider*, 123 Ariz. 152, 156 (1979) (explaining that in Arizona, punitive damages cannot be recovered for breach of contract unless the breach constitutes a tort); *See In re Marriage of Benge*, 151 Ariz. 219, 224 (1986) (explaining that "punitive damages may not ordinarily be assessed in contract actions" but that they "may be recoverable where the breach of contract constitutes a tort"); *Walker v. Signal Companies, Inc.*, 84 Cal.App.3d 982, 996 (Ct. App. 1978) ("[p]unitive damages are not recoverable in an action for breach of contract no matter how willful, malicious or fraudulent the breach"); *see also* Cal. Civ. Code § 3294.

Because Plaintiff's allegations for a breach of contract show the monetary amount in dispute is $4,500 (Doc. 5 at 3), the allegations are insufficient to demonstrate that the monetary requirement of 28 U.S.C. § 1332 is satisfied.

**VI.     Findings and Recommendations**

Plaintiff has failed to provide sufficient facts sufficient to support a determination that the Court has jurisdiction over the matter.  Because Plaintiff was previously advised of the jurisdictional issues and failed to allege facts supporting a conclusion that the Court has either subject matter jurisdiction or diversity jurisdiction, it appears further leave to amend the pleadings would be futile. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987); *see also Lopez*, 203 F.3d at 1128 (dismissal of a *pro se* complaint without leave to amend for failure to state a claim is proper only where it is obvious that an opportunity to amend would be futile).

Based upon the foregoing, the Court **RECOMMENDS**:

1. Plaintiff's First Amended Complaint be **DISMISSED** without prejudice for lack of jurisdiction; and

2. The Clerk of Court be directed to close this action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days of the date of service of these Findings and Recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **November 22, 2016**          /s/ Jennifer L. Thurston
                                              UNITED STATES MAGISTRATE JUDGE