# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MALONE,<br><br>   Plaintiff<br><br>  v.<br><br>VICTOR VEVEA,<br><br>   Defendant | CASE NO. 1:16-CV-1380 AWI JLT<br><br>ORDER REGARDING *IN FORMA PAUPERIS* STATUS ON APPEAL<br><br>(Doc. No. 13) |

  This case was a civil dispute brought by Plaintiff (who is incarcerated and was granted *in forma pauperis* status) against Defendant based on Defendant's alleged failure to meet contractual obligations.

  On November 22, 2016, the Magistrate Judge issued a Findings and Recommendation ("F&R") that recommended dismissing the case due to a lack of subject matter jurisdiction. See Doc. No. 6. The F&R determined that Plaintiff had only alleged a state law breach of contract claim, and that the amount in controversy did not exceed $75,000.

  On December 8, 2016, Plaintiff filed objections. See Doc. No. 7. The objections were very short. See id. Without elaboration, Plaintiff merely stated that the F&R should be rejection and that case should proceed under 42 U.S.C. § 1981. See id.

  On January 19, 2017, the Court adopted the F&R. See Doc. No. 8. The Court found that the allegations did not support a § 1981 claim, that only a state law breach of contract claim had been alleged, and that dismissal was necessary due to a lack of subject matter jurisdiction. See id. The case was closed on the same day. See Doc. No. 9.

  On February 6, 2017, Plaintiff filed a notice of appeal. See Doc. No. 10.

  On February 10, 2017, the Ninth Circuit issued a referral notice under 28 U.S.C. § 1915(a)(3) for this Court to determine whether *in forma pauperis* status should continue on appeal. See Doc. No. 13.

  "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it

is not taken in good faith." 28 U.S.C. § 1915(a)(3). The "good faith" requirement will be satisfied if the appellant seeks review of any issue that is not frivolous. Gardner v. Pogue, 558 F.2d 548, 550-51 (9th Cir. 1977) (citing Coppedge v. United States, 369 U.S. 438, 445 (1962)); see also Hooker v. American Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002).

Here, the Court finds that the appeal is frivolous. The original complaint did not present a federal question or otherwise invoke the Court's subject matter jurisdiction; dismissal was appropriate at that point. See Morongo Band of Mission Indians v. California State Bd. of Equalization, 858 F.2d 1376, 1380-81 (9th Cir. 1988); see also Mamigonian v. Biggs, 710 F.3d 936, 942 (9th Cir. 2015). The factual allegations of both the original and amended complaint showed only a breach of contract. None of the elements of § 1983 were implicated, and a mere breach of contract does not implicate § 1981. A state law breach of contract claim does not invoke federal question jurisdiction. See Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang, 376 F.3d 831, 840 (9th Cir. 2004). Thus, the Court finds Plaintiff's appeal from the decision to dismiss the case due to lack of subject matter jurisdiction is frivolous.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Court finds that the Plaintiff's appeal was not taken in good faith for purposes of 28 U.S.C. § 1915(a)(3) and that he should not be permitted to proceed *in forma pauperis* on appeal; and

2. Pursuant to Federal Rule of Appellate Procedure 24(a), the Clerk of the Court shall serve this order on Plaintiff and the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated:   February 13, 2017                    _____
                                              SENIOR DISTRICT JUDGE